■ FRANCIS J. FOLEY, JR., et al., as Executors of FRANCIS J. FOLEY, Deceased, Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 45312.) — *Per Curiam.* Appeal by the State from a judgment of the Court of Claims which awarded damages for the appropriation of lands for highway purposes. The State does not contest the award of $4,550 for direct damages. It does assert with respect to the award of $2,925 for consequential damages, first, that the amount includes a duplication of damage items attributable to the loss of a water supply and, second, that the construction of the improvement enhanced the value of the property by an amount in excess of the consequential damages, by creating a market for deposits of gravel on the property, which the highway construction contractor did, in fact, purchase, and that the rule as to offsetting

special benefits should be applied. The water supply in question derived from an old gravel pit and served to irrigate some 39.74 acres. It was eliminated by the appropriation. Claimants' appraiser attributed damage of $1,000 to the loss of the water supply; but he also depreciated the value of the 39.74 acres by $25 per acre or $990 on account of the loss of irrigation. On cross-examination, he admitted that the $1,000 item represented the estimated cost of a new water supply and with respect to the $990 item conceded that the "loss of irrigation was the only factor I put in the appraisal". Thus, the cost-to-cure estimate was duplicative of the depreciation item and must be deducted from the award. As respects the gravel deposits, we need not pass on the legal issue involved, as, on turning to the facts, we find that there was uncontradicted evidence of a market long prior to the appropriation, sales having been made to the contractor for another highway and to others, and the recognized intrinsic worth of the deposits thus constituted a factor in the evaluations upon which the undisputed award of direct damages was predicated. We find no merit in the State's final contention, which concerns the computation of interest upon the award. (See *Leeds* v. *State of New York,* 20 N Y 2d 701; *Corl* v. *State of New York,* 31 A D 2d 692.) Judgment modified, on the law and the facts, so as to reduce the award to $6,475 and appropriate interest and, as so modified, affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Greenblott, JJ., concur in memorandum *Per Curiam.*